In re Alen Ray HOWLEY and Jeannie Marie Howley, Debtors.

No. 10–20713.

United States Bankruptcy Court, D. Kansas.

Oct. 26, 2010.

Mark W. Neis, Neis & Michaux PA, Topeka, KS, for Debtors.

## MEMORANDUM OPINION AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION CLAIM

DALE L. SOMERS, Bankruptcy Judge.

The matter before the Court is the Chapter 7 Trustee's objection to Debtor Jeannie Marie Howley's claim of exemption of her interest in per capita payments from the Prairie Band of Potawatomi Indians. The Trustee, Carl R. Clark, appears by Carl R. Clark and Shane McCall of Lentz Clark Deines PA. The Debtors, Alen and Jeannie Howley, appear by Mark W. Neis of Neis & Michaux, P.A. There are no other appearances. The Court has juris-

diction.[1] Having considered the joint stipulation of facts, the briefs, and the arguments of counsel made at oral argument, the Court is now ready to rule. For the reasons stated below, the Court sustains the Trustee's objection to the claimed exemption.

## FINDINGS OF FACT.

Based upon the parties' joint stipulation, the Court finds the following facts. Debtors Alen and Jeannie Howley filed for relief under Chapter 7 on March 14, 2010. On Schedule C of Debtors' voluntary petition, they claimed household goods, clothing, jewelry, and one vehicle valued at $4,000 as exempt under Kansas law.[2] In addition, Debtor Jeannie Howley (hereafter "Debtor") claimed as exempt her per capita income accruing from gaming revenues of the Prairie Band of Potawatomi Indians (hereafter "Prairie Band") in the amount of approximately $400 per month (hereafter "Per Capita Payments") under § 4–10–16(H) of the Potawatomi Law and Order Code (hereafter "Tribal Code"). Since 2007, Debtor has resided in Lecompton, Kansas, and from 2002 to 2007 resided in Topeka, Kansas. She has never resided on the Prairie Band reservation, which is located near Mayetta, Kansas.

The Trustee objected to the claimed exemption of the Per Capita Payments. He asserts that the right to receive such payments is not exempt under the Bankruptcy Code or any other applicable law. Debtor responds that the Tribal Code on which she relies for the exemption is "local law" within the meaning of 11 U.S.C.

§ 522(b)(3)(A), and therefore her claimed exemption should be allowed.

## ANALYSIS AND CONCLUSIONS OF LAW.

[1] Debtor claims that her Per Capita Payments are exempt pursuant to 11 U.S.C. § 522(b), which provides in part as follows:

(b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection....

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

(3) Property listed in this paragraph is—

(A) subject to subsections (*o* ) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or *State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located* for the 730 days immediately preceding the date of the filing of the petition. (Emphasis supplied).

She argues that because Kansas is an opt-out state pursuant to § 522(b)(2),[3] her exemptions are governed by § 522(b)(3)(A).

---

1. This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10,

1984. Objections to exemptions are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

2. K.S.A. 60–2304.

3. *See* K.S.A. 60–2312.

As to the "State or local law" that was applicable on the date of filing of the petition at the place where she was domiciled for 730 days prepetition, she relies on Kansas law for all exemptions except the Per Capita Payments, which she claims are exempt under § 4–10–16(H) of the Tribal Code.

The Prairie Band's Per Capita Ordinance formalizes the tribe's plan for allocation of gaming revenues and Per Capita Payments. It provides for allocation of 30% of the net gaming revenues for per capita distribution to all eligible enrolled tribal members. Distributions are made quarterly, within 30 days after the close of the quarter, by tribal check made payable to the eligible tribal member, except in the case of incompetents and minors.[4] Debtor is eligible to receive such payments.[5]

Section 4–10–16 of the Tribal Code establishes exemptions. The introductory phrase provides:

**Section 4–10–16. Exempt Property.**

The following property shall be exempt, from garnishment, attachment, execution, sale, and other process for the payment of principal and interest, costs, and attorney fees upon any judgment of the Tribal Court.

The section then enumerates the exempt property as follows: A portion of wages earned; one automobile not exceeding $1,000 in value; tools of the trade; restricted title lands held by the United States; a dwelling including up to five acres of land; household goods, wearing apparel, and personal effects; ceremonial or religious items; and gaming revenue per capita payments.[6] The exempt per capita payments are described in § 4–10–16(H) as follows:

(H) Gaming revenue per capita payments to Prairie Band Potawatomi Nation tribal members, provided that this exemption shall not apply to Potawatomi Nation Tribal Court actions to enforce or satisfy child support obligations of a tribal member of the Nation.

The Trustee objects[7] to Debtor's exemption based upon *McDonald*,[8] a decision of Judge Karlin of this Court, holding that Prairie Band per capita distributions are not exempt.[9] Debtor responds that *McDonald* erred when holding the exemption is not available to a tribe member domiciled outside the reservation's physical boundaries. She argues that to not allow the exemption would subvert the intent of the tribal exemption,[10] that "local law" should be construed to mean all "all exempt property law other than Federal bankruptcy exemptions that applies to

---

4. Additional information regarding the Prairie Band and the gaming revenue distributions are included in the decisions of Bankruptcy Judge Karlin in *In re McDonald*, 353 B.R. 287 (Bankr.D.Kan.2006) and *In re Hutchinson*, 354 B.R. 523 (Bankr.D.Kan.2006).

5. Although the stipulation does not include the fact that Debtor is an enrolled member of the Prairie Band, the Court so finds, based upon the agreement of the parties that she is entitled to the Per Capita Payments.

6. Potawatomi Law and Order Code § 4–10–16(A)–(H).

7. As the objecting party, the Trustee has the burden of proving that the exemption is not properly claimed. Fed. R. Bankr.P. 4003(c).

8. *In re McDonald*, 353 B.R. at 287.

9. At oral argument, but not in his brief, the Trustee also cited *In re Enfield*, 133 B.R. 515 (Bankr.W.D.Mo.1991), which holds that a charter ordinance of the City of Kansas City, Missouri exempting pensions of city employees is a local law for purposes of § 522(b)(3)(A). This case is discussed below.

10. Doc. 30, pp. 1, 7.

Joint Debtor," [11] or that the "jurisdiction of the Tribal Law And Order Code to exempt per capita payments is based on the geographical location of the gaming revenues and is thus 'applicable law,' as provided in § 522(b)(3)." [12] Debtor cites no case law as supporting her positions. The Trustee argues that Debtor cannot claim her Per Capita Payments exempt under § 4–10–16 of the Tribal Code since that code is not applicable law under § 522(b)(3). [13]

The facts in *McDonald* are indistinguishable from this case. Debtor McDonald was an enrolled member of the Prairie Band who did not reside on the reservation. She had received, and was likely to continue to receive, per capita distributions. The Chapter 7 trustee sought turnover of the payments, contending that they were property of the estate and not exempt. Debtors raised the defense that the payments were exempt and relied in part upon § 522(b)(3)(B) and Tribal Code § 4–10–16. [14] The court found that debtors were not entitled to rely upon the tribal exemption of per capita distributions. Judge Karlin stated:

> The Court finds Debtors are not entitled to rely upon the exemptions contained in the Potawatomi Tribal Code. First, § 522(b) allows individual debtors to choose between exemptions found in § 522(d) or those exemptions available

in the state in which the debtor is domiciled for the 730 days prior to the filing of the bankruptcy petition, unless, as is the case in Kansas, the state in which the debtor has been domiciled prohibits the election of the federal exemptions. There is nothing in the Bankruptcy Code that allows a debtor to claim the exemptions of another governmental entity, such as when the debtor is not domiciled within the boundaries of that entity's territory. Secondly, the parties' stipulations clearly show that Debtors are not domiciled within the Potawatomi Reservation, but instead live in Topeka, Kansas. Therefore, pursuant to § 522(b) and K.S.A. 60–2312, their exemptions are limited to those allowed under Kansas law. Because Kansas law does not allow Debtors to claim the exemption found in the Potawatomi Tribal Code, Debtors cannot rely on that provision to exempt the per capita distributions. [15]

*McDonald* fully supports the Trustee's objection to Debtor's claim of exemption of the Per Capita Payments in this case. Although it is likely the Prairie Band did not agree with the outcome of McDonald, which was decided in 2006, there is nothing in the record indicating that the Prairie Band in the intervening four years after McDonald was decided and before Debtor

---

11. *Id.* at 7.

12. *Id.* at 4.

13. The first argument made by the Trustee is that the Per Capita Payments are property of the estate and not subject to the 11 U.S.C. § 541(c)(2) exclusion for beneficial interests of the debtor held in a trust. Doc. 28, pp. 3–5. He cites numerous cases, including *In re McDonald,* 353 B.R. 287, 293–94 (Bankr. D.Kan.2006), from this district. Debtor does not refute this position. Doc. 30. Indeed, by taking the position that the payments are exempt, Debtor is conceding that they are property of the estate, since it is only property of

the estate which can be exempted from the estate.

14. Debtors did not deny that the payments were property of the estate, and the court found that this was "clearly" correct. *In re McDonald,* 353 B.R. at 291.

15. *Id.* at 292 (footnotes omitted). A substantial part of the opinion on *McDonald* addresses and rejects debtors' contention that the per capita payments were removed from the estate under § 541(c)(2), the trust exception to property of the estate. That defense is not raised in this case.

filed for relief made any amendments to its Per Capita Ordinance or the Tribal Code exemptions.

Debtor agrees that there is no relevant factual distinction between *McDonald* and this case. Both Ms. McDonald and Debtor had Kansas domiciles, but not on the Prairie Band reservation. As found by Judge Karlin, pursuant to § 522 and the Kansas opt-out statute, K.S.A. 60–2312, Debtor is entitled to the exemptions permitted by Kansas law, which include § 522(d)(10) of the Bankruptcy Code, but not to the tribal exemptions. The Kansas opt-out statute states:

(a) Except as provided in subsection (b), no person, as an individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may elect exemptions pursuant to subsection (b)(1) of section 522 of such federal act.

(b) An individual debtor under the federal bankruptcy reform act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of section 522 of such federal act. The provisions of this subsection shall apply to any bankruptcy action which: (1) Is filed on or after July 1, 1986; or (2) was filed on or after April 26, 1980, and is pending or on appeal on July 1, 1986.

Thus, the Kansas legislature, as authorized by Congress in § 522(b)(2), has provided that the exemptions of § 522(b)(1) are not available, and that the "exemptions allowed under state law" and § 522(d)(10) are available. Although it could clearly do so, the Kansas legislature has not incorpo-

rated the tribal exemptions into state law.[16]

Whether a tribal exemption code is a "local law" within the meaning of § 522(b)(3)(A) is a difficult question. The parties have provided no direct authority, and this Court's own research has found none. There is only one case in the annotations to § 522 construing the phrase "local law" as used in § 522(b)(3)(A). The case is *Enfield,*[17] from the Western District of Missouri. In that case, the Chapter 7 trustee objected to a debtor's claimed exemption of his interests arising from the Kansas City, Missouri employees' retirement plan. Missouri, like Kansas, is an opt-out state, so exemptions were determined by the "State or local law that is applicable at the place in which the debtor's domicile" had been located for the requisite period of time before filing. The Kansas City, Missouri charter ordinance which created the retirement plan provided:

[t]he right of any person to a benefit accruing under the provisions of this division and to the moneys in the various funds created under this division shall not be subject to execution, garnishment, attachment, or to any other process whatsoever, and the same shall be unassignable except as in this division specifically provided.[18]

The court found the pension plan interest to be exempt under the charter ordinance, which was identified, without discussion, to be the "local law [which] was in effect on the date of filing of the petition".[19] For

---

**16.** *See* K.S.A. 2009 Supp. 8–135(c)(16) which incorporates tribal law as to perfection of security interests in motor vehicles. It provides:

(16) A security interest in a vehicle registered by a federally recognized Indian tribe shall be deemed valid under Kansas law if validly perfected under the applicable tribal

law and the lien is noted on the face of the tribal certificate of title.

**17.** *In re Enfield,* 133 B.R. at 515.

**18.** *Id.* at 521.

**19.** *Id.*

the reasons discussed below, the Court finds *Enfield* insufficient to sustain Debtor's claimed exemption.

"Local law" is a phrase which has traditionally been used to refer to the laws of territories of the United States.[20] Territories, generally comprised of "lands acquired by the United States by treaty or purchase that have not become an integral part of the United States,"[21] are "inchoate states and temporary sovereign governments, organized under the laws of Congress."[22] Territorial governments, like states, generally have three branches of government, an executive, legislative, and judicial.[23] As to unincorporated territories, such as pre-Commonwealth Puerto Rico, the Virgin Islands, and Guam, the legislative power is directed to "subjects of 'local application,' or not 'locally inapplicable.'"[24] They therefore have authority to enact exemption laws. For example, a debtor domiciled in the Virgin Islands may claim exemptions stated in the Virgin Islands Code.[25] If § 522(b)(3)(A) did not provide for exemptions under local law, residents of territories would be required to use federal exemptions, since no state exemption laws apply to them.[26]

Native American tribes are not considered territories of the United States. They are subordinate and dependent nations.[27] Indian tribes are "distinct political entities" and "have the right to make all laws and regulations for the government and protection of their persons and property, consistent with the Federal Constitution and laws of the United States."[28] As illustrated by this case, tribes enact exemption laws. However, unlike territories, tribes exist within states that have enacted exemption laws. All debtors residing in a state may elect between federal and state exemptions, if the state has not opted out, or utilize state exemptions, if the state has opted out. Consideration of tribal law as local law is therefore not necessary to give such debtors an alternative to the federal exemptions. Nevertheless, the Court observes, without deciding, that by analogy with the law applicable to territories, it is possible that for purposes of exemptions under § 522(b)(3)(A), tribal law could be considered "local law."

However, even assuming that tribal exemption laws could be considered "local law" under § 522(b)(3)(A), which the Court expressly does not decide, the Court finds that the Tribal Code exemption of gaming per capita distributions would not apply in this case. Section 522(b)(3)(A) expressly requires use of state or local law "applicable ... at the place in which the debtor's domicile has been located" for a specified period. Therefore, under the Bankruptcy Code, the fact that Debtor is domiciled in

---

20. *See, e.g.,* 48 U.S.C. § 1392 (as to the Virgin Islands, certain laws regulating elections and the electoral franchise "and the other local laws" in effect on January 17, 1917, shall remain in effect).

21. 72 Am.Jur.2d, *States, Territories, and Dependencies* § 122 (2010).

22. *Id.* at § 123.

23. *Id.*

24. *Granville–Smith v. Granville–Smith,* 349 U.S. 1, 6, 75 S.Ct. 553, 99 L.Ed. 773 (1955) (citing 48 U.S.C. §§ 821, 1574, and 1423a).

25. *In re Prosser,* 2008 WL 2677863 (D.Virgin Islands 2008).

26. The definition of "state" in 11 U.S.C. § 101(52) includes the District of Columbia, so the operation of the right to elect local law in the district is not similar to that for those domiciled in territories.

27. 41 Am.Jur.2d, *Indians; Native Americans* § 8 (2010).

28. *Id.* at § 11.

Kansas, not the fact that she is a member of the Prairie Band, determines the applicable law. Assuming that the Tribal Code is local law, the tribal exemptions would apply to Debtor only if she were domiciled where that local law is applicable. Applying the exemption in this case would require the Tribal Code exemption to have extraterritorial effect, since Debtor does not reside on the Prairie Band reservation.

"Generally the law of the forum is controlling as to the exemption of property from execution. This rule is often based on the reasoning that exemption laws have no extraterritorial effect and pertain only to the remedy."[29] The Kansas Supreme Court in 1884 held that the laws of the state, including its exemption laws, have no extraterritorial effect.[30] Much more recently, the Missouri bankruptcy court has held the Kansas personal property exemptions are available only to residents, based upon the statute which reads, "every person *residing in this state* shall have exempt . . . the following articles of personal property."[31] The majority view of bankruptcy courts is that homestead exemptions have no extraterritorial effect, even if this result is not dictated by the language of the exemption.[32] This rule has been followed in Kansas where neither the Kansas constitutional nor statutory homestead exemptions explicitly limit their applicability to Kansas homesteads.[33]

Debtor provides no authority in support of her argument for the extraterritorial effect of the exemption of Per Capita Payments. The Court knows of no reason why the general rule that exemptions have no extraterritorial effect should not control. There is nothing in the Tribal Code exemption for the Per Capita Payments suggesting extraterritorial effect. Rather, the tribal exemptions are expressly applicable only to the satisfaction of judgments of the tribal court,[34] which imposes a geographic limitation. The Court therefore rejects Debtor's contention that "local law" should be construed to mean "all exempt property law other than Federal bankruptcy exemptions that applies to Joint Debtor." Further, the Bankruptcy Code clearly provides that the applicable exemption law is determined by the domicile of the debtor, not by "the geographical location of the gaming revenues and is thus 'applicable law,' as provided in § 522(b)(3),"[35] as claimed by Debtor.

There is an additional reason why, even if the Court were to hold that the Tribal Code exemptions are local law for purposes of § 522(b)(3)(A), the exemption would not apply to the estate's interest in Debtor's Per Capita Payments. Under the Tribal Code, the Per Capita Payments are exempt from "garnishment, execution,

**29.** 31 Am.Jur.2d, *Exemptions* § 22 (2010).

**30.** *Burlington & M.R.R. v. Thompson*, 31 Kan. 180, 1 P. 622 (1884).

**31.** *In re Nickerson*, 375 B.R. 869, 871 (Bankr. D.Mo.2007) (quoting K.S.A. 60–2304 (emphasis added)). *Nickerson* was cited with approval by this Court in *In re Fabert*, 2008 WL 104104 (Bankr.D.Kan.2008).

**32.** *See* William Houston Brown, *The Extraterritorial Effect of Homestead Exemption Statutes: An Emerging Issue*, 2006 No. 1 Norton Bankr.L. Adviser 2 (2006).

**33.** *In re Ginther*, 282 B.R. 16 (Bankr.D.Kan. 2002).

**34.** The Potawatomi Law and Order Code § 4–10–16 provides the Per Capita Payments are exempt from "garnishment, execution, sale and other process for the payment of principal and interest, costs, and attorney fees upon any judgment of the Tribal Court."

**35.** Doc. 30, p. 4.

sale and other process for the payment of principal and interest, costs, and attorney fees upon any judgment of the Tribal Court." This is a very limited exemption which is not applicable here. The Trustee is not seeking to recover the funds in satisfaction of a judgment of the tribal court. The Trustee is contending that the payments, after receipt by the Debtor, are nonexempt property of the estate. Judge Karlin in *McDonald,* noting the limited scope of the exemption, held that even if the debtors were entitled to rely upon the tribal exemption, "it would be inapplicable under the facts of this case." [36] As noted above, those facts are indistinguishable from the facts in this case.

The Court recognizes that the foregoing analysis appears in some respects to be contrary to the *Enfield*[37] case, discussed above. Although Debtor does not rely upon *Enfield,* the Court finds that an explanation is appropriate. One reason for the discrepancies is the difference in the "local law" at issue in *Enfield* and this case. In *Enfield,* the issue was whether a debtor's interest in a municipal pension plan was exempt under a charter ordinance of the City of Kansas City, Missouri. In Missouri, an incorporated city may adopt a charter for its own government.[38] "If consistent with and subject to the constitution and law of [Missouri], charter provisions have the force and effect of enactments of the state legislature." [39] Therefore, in effect, the Kansas City charter ordinance was a state exemption which supplemented those adopted by the state legislature. This Court suggests that be-

cause of this aspect of Missouri law, there is a question whether the charter ordinance should be characterized as a "local law" or an aspect of state law for purposes of § 522(b)(3)(A). In this case, the purported local law is a tribal law, which has not been adopted by the State of Kansas. It is a statute of a Native American tribe, which in some respects is a sovereign nation. There is no basis for considering the Tribal Code to be an aspect of state law. In addition, apparently because of the nature of the charter ordinance, the issue of extraterritorial effect, which is important in this case, did not arise in *Enfield.* Further, the tribal exemption relied on by Debtor applies only in the tribal court, whereas the charter ordinance applied in *Enfield* had no such limitation.

For the foregoing reasons,[40] the Court sustains the Trustee's objection to Debtor's claimed exemption of her interest in the Prairie Band Per Capita Payments pursuant to the Tribal Code. Judgment is hereby granted sustaining the Trustee's objection to Debtor's claim that her interest in the Per Capita Payments from the Prairie Band of Potawatomi Indians is exempt under the Potawatomi Tribal Code.

**IT IS SO ORDERED.**

---

36. *In re McDonald,* 353 B.R. at 292.

37. *In re Enfield,* 133 B.R. at 515.

38. Mo. Const. Art. 6, § 19.

39. *State ex rel. Childress v. Anderson,* 865 S.W.2d 384, 387 (Mo.App.1993).

40. The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.